**Barbara Ann MILLER, Appellant**

v.

**PROSPERITY BANK, N.A., Mainbank, N.A., and William Carter, Appellees.**

No. 05–06–01415–CV.

Court of Appeals of Texas, Dallas.

Nov. 27, 2007.

Barbara Ann Miller, Dallas, TX, pro se.

Frederick C. Miller, Seagoville, TX, for Appellant.

David M. O'Dens, Dallas, TX, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WRIGHT.

Barbara Ann Miller[1] appeals from a summary judgment. In two issues, she contends generally that the trial court erred in denying her motion for continuance of the summary judgment hearing because she did not receive timely notice. We overrule Miller's issues and affirm the trial court's judgment.

Miller opened an account with MainBank, N.A.[2] (Bank) in May of 2002. On June 20, 2003, Miller's husband, Frederick Charles Miller, was arrested for money laundering and tax evasion. Miller continued to deposit checks into the account, some of which were payable to her husband. On September 22, 2003, Miller gave the Bank a power of attorney executed by her husband. She represented to the Bank that her husband was incapacitated due to illness. Subsequently, the Bank learned that Miller's husband had pleaded guilty to the federal charges. In response, the Bank placed a hold on Miller's account. The Bank released the hold on the account on December 10, 2003. After receiving correspondence from the United States Department of Justice, however, the Bank placed another hold on the account. Subsequently, the Bank asked Miller to close out the account and she complied.

Miller sued the Bank and its president, William Carter, alleging causes of action for breach of contract, negligence, toritious interference, breach of release agreement, gross negligence, and violation of the Texas Constitution. The Bank counterclaimed for breach of contract, sanctions for filing a frivolous lawsuit, and attorney's fees. On January 18, 2006, the Bank filed a motion for partial summary judgment seeking summary judgment on Miller's claims. Two days before the scheduled hearing on the Bank's motion, Miller filed a motion for continuance on the ground that she had not received the requisite twenty-one days' notice. The trial court denied Miller's motion for continuance. The trial court granted the motion for partial summary judgment in part and denied it in part. The trial court dismissed all of Miller's claims against Carter, dismissed all of the pre-December 10, 2003 claims against the Bank, and denied the motion as to the post-December 10, 2003 claims against the Bank.

Miller amended her petition to include additional breach of contract claims. She also filed a motion for partial summary judgment but failed to set it for a hearing. The Bank filed a counter-motion for summary judgment. The trial court granted the Bank's motion for summary judgment. The Bank then filed a notice of nonsuit of its counterclaims. The trial court issued the order of nonsuit on July 10, 2006, thereby disposing of all claims and all parties. This appeal timely followed.

■ In her first issue, Miller contends the trial court erred in denying her motion for continuance of the summary judgment hearing on the ground that she did not receive the required twenty-one days' no-

---

1. Barbara Ann Miller died during the pendency of this appeal. The appeal proceeds in accordance with TEX.R.APP. P. 7.1(a)(1).

2. On November 1, 2003, Prosperity Bank became the successor-in-interest to MainBank.

tice. In her second issue, Miller contends the trial court violated her right to due process in denying her motion for continuance. Because both issues focus on the propriety of the trial court's denial of Miller's motion for continuance, we address them together.

We review the denial of a motion for continuance under an abuse of discretion standard. *Crooks v. Moses*, 138 S.W.3d 629, 634 (Tex.App.-Dallas 2004, no pet.). We will not disturb the trial court's ruling unless, after examining the entire record, we determine that the ruling was clearly arbitrary and unreasonable. *Id.*

▮▮▮ Due process requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75, (1988). The rules of civil procedure provide the nonmovant twenty-one days' notice before a summary judgment hearing. TEX.R. CIV. P. 166a(c). A notice may be served on a party by delivering a copy via certified or registered mail to the party's last known address. TEX.R. CIV. P. 21a. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. As noted by the supreme court, "notice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex.2005). However, the opposing party may rebut this presumption by offering proof that the notice or document was not received. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987); TEX.R. CIV. P. 21a. If this presumption is not rebutted, then the trial court does not abuse its discretion in denying a motion for continuance. *Cronen v. City of Pasadena*, 835 S.W.2d 206, 209 (Tex.App.-Houston [1st Dist.] 1992, no pet.), *disapproved*

*on other grounds by Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994).

On January 19, 2004, the attorney for the Bank sent Miller notice of the summary judgment hearing scheduled for February 24, 2004 by both regular and certified mail. The Bank mailed a second notice to Miller on February 9, 2004. Miller alleged that she received this notice on February 13, 2004. Miller filed a motion for continuance of the hearing on the Bank's motion for summary judgment. She attached her affidavit to her motion. In her affidavit, Miller stated that she did not receive the January 19th letter setting forth the hearing date and that she had no knowledge of the attempted delivery of that letter on January 20th. At the hearing on the motion, however, Miller offered conflicting testimony. She testified as follows:

[The Court]: All right. You got a motion to reset this hearing?

[Miller]: Yes, sir.

[The Court]: Why?

[Miller]: Because I didn't receive the proper notice, the 21 days' notice required.

[The Court]: Okay. Response?

[Defense Counsel]: Your Honor, in fact, a notice was sent on January the 19th. Mrs. Miller complains that she didn't actually receive it as far as processing. In fact, certified mail was attempted on January the 20th. Certified mail was ultimately unclaimed. A notice was sent to the address that Mrs. Miller provided to this Court and in all of her pleadings, and notice is effective upon mailing; and she had proper notice under the rules.

[The Court]: Reply?

[Miller]: I did not receive the notice until February 13th, which was last week.

[The Court]: Yeah. Well, you can't unclaim mail and then say, "I didn't get notice." It doesn't work that way. You understand that?

[Miller]: Yes.

[The Court]: In other words, I can't say, "Well, I see I got something coming from," for instance, "attorneys"—

[Miller]: Uh-huh.

[The Court]:—and then not claim it and then say, "Well, I didn't get my notice." It doesn't work that way. Do you understand that?

[Miller]: Yes. But I didn't—I didn't—I only received one notice.

[The Court]: When?

[Miller]: *They attempted delivery on January the 20th.*

[The Court]: All right.

[Miller]: *And the notice was left.*

[The Court]: Right. Did you go pick it up?

[Miller]: No. I don't remember receiving a green card in my mail.

[The Court]: Well, you got a notice that they tried to deliver you a certified mail letter, right?

[Miller]: Should they give three attempts? I don't—

[The Court]: I don't care if they give you 15. If they give you one and you ignore it—the rules of the postal service don't apply. The Texas Rules of Civil Procedure apply. And the Texas Rules of Civil Procedure [is]: They've got to drop it in the mail, send it to you at the address that you've provided to the Court as your address.

[Miller]: Okay.

[The Court]: Okay. And they did that. Okay?

[Miller]: Uh-huh.

[The Court]: *And then, this isn't even a situation where you didn't know that* *there was a certified letter waiting on you.*

[Miller]: *Uh-huh.*

[The Court]: *You acknowledge on the 20th they left a notice for you saying, "We're trying to deliver it."*

[Miller]: *Uh-huh.*

[The Court]: And you didn't go pick it up or do anything. You just said, "I'm not going to do anything and wait and see, see if they give me another notice."

It doesn't work that way. If that were the case, we'd never get anything resolved around here. People just wouldn't pick up their mail. And then I wouldn't hold any hearings, which, after today, probably wouldn't be a bad idea for me.

When did you get notice? When did you actually get notice?

[Miller]: February the 13th.

[The Court]: February 13th.

[Defense Counsel]: Your Honor, we sent a courtesy copy of February 9th, which is in the plaintiff's motion. It's dated February 9th. We sent it certified mail, and we also sent it regular mail.

[The Court]: I mean, you've even attached from the U.S. Postal Service that they tried to deliver it to you on the 20th, right?

[Miller]: Yes.

[The Court]: So, your own information shows that they left you a notice and attempted to deliver it to you.

Okay. The motion for continuance is denied. The Court notes that the rule was complied with. It was sent pursuant to and as authorized by the rules. The continuance motion itself reflects that an attempt to deliver was made, and, apparently, it wasn't picked up. So, the motion to reset hearing is denied.

Through her testimony at the summary judgment hearing, Miller acknowledged that she received notice of the attempted delivery on January 20th. Thus, Miller failed to rebut the presumption that the notice mailed on January 19th in accordance with rule 21a was not received. In light of Miller's testimony, we conclude the trial court did not abuse its discretion in denying her motion for continuance.

We overrule Miller's two issues and affirm the trial court's judgment.