

NUMBER 13-12-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN ALFREDO MARTINEZ,                                             Appellant,

v.

ARTHUR BECKWITH AND BENTON
BECKWITH D/B/A B&B FARMS,                                       Appellees.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By three issues, appellant, Juan Alfredo Martinez, appeals the trial court's

summary judgment in favor of appellee, Arthur Beckwith.  We affirm.

## I. BACKGROUND

On June 17, 2008, Martinez filed suit against Arthur Beckwith and Benton Beckwith d/b/a B&B Farms for injuries he allegedly sustained while working at their farm. On August 6, 2008, Arthur Beckwith filed a general denial.[1] On March 30, 2009, Arthur Beckwith filed his first amended answer, alleging the affirmative defense provided by the Texas Workers' Compensation Act ("TWCA"). *See* TEX. LABOR CODE ANN. § 408.001(a) (West 2006).

On October 6, 2011, Arthur Beckwith filed his amended motion for summary judgment. On March 7, 2012, Martinez filed his response to Arthur Beckwith's amended motion for summary judgment. On April 12, 2012, Arthur Beckwith filed his reply to Martinez's response to his amended motion for summary judgment.

On April 16, 2012, the trial court entered an order granting Arthur Beckwith's amended motion for summary judgment. In the order, the trial court stated that it was "satisfied that due notice of [Arthur Beckwith's amended] motion [for summary judgment] and [the] hearing was given to all parties." The trial court indicated that a hearing was held on April 16, 2012. The trial court stated that Arthur Beckwith's amended motion for summary judgment was granted and that all claims asserted against Arthur Beckwith were thereby dismissed with prejudice. The trial court did not state the basis for its ruling. The trial court did not purport to rule on any claims alleged against Benton Beckwith. The trial court did not state that the order was a final, appealable order.

---

[1] The record does not show that Benton Beckwith was served with citation. Benton Beckwith never filed an answer.

2

On May 2, 2012, Martinez filed a motion to reconsider, requesting that the trial court vacate its order granting Arthur Beckwith's amended motion for summary judgment. Among other things, Martinez argued that he did not receive notice of the date and time of the summary judgment hearing. The trial court did not rule on Martinez's motion. This appeal ensued.

## II. JURISDICTION

"Neither party argues to this Court that the summary judgment was not a final, appealable order." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). "Nevertheless, we are obligated to review *sua sponte* issues affecting jurisdiction." *Id.* "In *Lehmann v. Har-Con Corp.*, [the Texas Supreme Court] clarified the longstanding general rule that '[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record.'" *Id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)).

In *Youngstown Sheet & Tube Co. v. Penn*, the trial court's order granting summary judgment disposed of all parties named in the petition except one. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962). The remaining party was never served with citation and did not file an answer, and nothing in the record indicated that the plaintiff in the case ever expected to obtain service upon the remaining party. *Id.* The Texas Supreme Court therefore held, "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Id.*

"This holding in *Penn* was not overruled, expressly or otherwise, by *Lehmann*." *M.O. Dental*, 139 S.W.3d at 674. "[The Texas Supreme Court] said in *Lehmann* that 'to determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case.'" *Id.* (quoting *Lehmann*, 39 S.W.3d at 205–06). "[The Texas Supreme Court] continued, 'If the record reveals that there is only one plaintiff and only one defendant, X, the order is final, but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final,' unless it is made final by its own language." *Id.* (quoting *Lehmann*, 39 S.W.3d at 206). "In *Penn*, an examination of the record revealed no intent that the plaintiff expected to serve the unserved defendant, and [the Texas Supreme] Court correctly regarded the judgment as final." *Id.*

In *M.O. Dental*, the Texas Supreme Court concluded that "an examination of the record affirmatively reveals that the order granting summary judgment was final." *Id.* The Texas Supreme Court noted that, "Rape, in her original petition, stated 'the location for service of Defendant Charlie Smith is unknown at this time, so no citation is requested.'" *Id.* Furthermore, "[a]fter the trial court granted summary judgment, Rape appealed, but did not indicate in either the trial court or the court of appeals that she expected to serve Smith and, therefore, that the summary judgment was not final." *Id.* "Additionally, both Rape and M.O. Dental Lab agreed in their briefs to the court of appeals that Smith was never served with process in this case." *Id.*

"[The Texas Supreme Court's] decision in *Park Place Hospital v. Estate of Milo* is not inconsistent with *Penn* regarding defendants who have not been served." *Id.* at 675 (citing *Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508 (Tex. 1995)). "In *Milo* a

4

summary judgment did not dispose of claims against a defendant who had not been served or against another defendant that the plaintiff had non-suited." *Id.* (citing *Milo*, 909 S.W.2d at 510). "No order dismissing the suit as to the latter defendant had been signed, and the summary judgment did not contain a 'Mother Hubbard' clause." *Id.* "[The Texas Supreme Court] held that 'the appellate timetable could not be triggered until a signed, written order of the court dismissed [the nonsuited defendant].'" *Id.* (quoting *Milo*, 909 S.W.2d at 510). "[The Texas Supreme Court] continued, 'Until the trial court rendered its severance order, the summary judgment for the hospital, [a physician, and a nurse] did not become final and appealable.'" *Id.* (quoting *Milo*, 909 S.W.2d at 510). "[The Texas Supreme Court] did not discuss whether the plaintiff expected to serve the defendant who had not been served or whether the summary judgment could or could not have become final without severance as to that defendant." *Id.*

Based on the foregoing authority, we conclude that the summary judgment in this case is a final, appealable order.

### III. NOTICE

In his first issue, Martinez argues that the trial court erred in granting summary judgment because he did not receive notice of the summary judgment hearing.

### A. Applicable Law

The right to summary judgment exists only when the requirements of Rule 166a are satisfied. *See Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763

(Tex. App.—Dallas 2004, pet. denied) (citing TEX. R. CIV. P. 166a(c)).  "Proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment."  *Id.*  The rules of civil procedure provide that the nonmovant must receive 21 days' notice before a summary judgment hearing.  TEX. R. CIV. P. 166a(c).  A notice may be served on a party by delivering a copy via certified or registered mail to the party's last known address.  TEX. R. CIV. P. 21a.  A certificate by a party or an attorney of record is prima facie evidence of the fact of service.  *Miller v. Prosperity Bank, N.A.*, 239 S.W.3d 440, 442 (Tex. App.—Dallas 2007, no pet.).  As noted by the Texas Supreme Court, "notice properly sent pursuant to Rule 21a raises a presumption that notice was received."  *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).  "However, the opposing party may rebut this presumption by offering proof that the notice or document was not received."  *Miller*, 239 S.W.3d at 442.  "Lack of notice to the nonmovant of the summary judgment hearing violates the nonmovant's due process rights."  *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied).

## B.  Discussion

In this case, notice of the hearing was not served with the motion for summary judgment.  Thus, although the motion for summary judgment includes a certificate of service, the certificate of service is for the motion for summary judgment, not for the notice of the hearing.  *See Tanksley*, 145 S.W.3d at 763 ("If the motion for summary judgment is served separately from the notice of hearing, the notice must contain a certificate of service and it must be served at least 24 days before the hearing.").  As the party moving for summary judgment, Arthur Beckwith was required to serve notice of

6

the hearing on Martinez as a prerequisite to summary judgment. *See id.* There is no evidence that Arthur Beckwith sent notice of the hearing to Martinez. Furthermore, "we cannot presume that notice was properly sent." *Mathis*, 166 S.W.3d at 745.

Arthur Beckwith contends that the trial court's order conclusively establishes that Martinez received notice of the summary judgment hearing. Although the trial court's order states that the trial court was "satisfied that due notice of [Arthur Beckwith's amended] motion [for summary judgment] and [the] hearing was given to all parties," it is unclear what basis the trial court had for making such a finding. Neither Martinez nor his counsel appeared at the hearing. Under these circumstances, it was inappropriate for the trial court to presume that notice of the hearing was properly sent. *See id.*

Finally, Arthur Beckwith contends that the trial court's order dated March 15, 2012 is proof that notice was sent. In the order, the trial court states that it is setting the summary judgment hearing for April 16, 2012. At the bottom of the order, the word "copies" appears next to the names and addresses of all counsel of record. Arthur Beckwith contends that this is sufficient to create a presumption that notice was properly sent to Martinez. We disagree.

"It is true that notice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Id.* In relevant part, Rule 21a states, "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a. In this case, the trial court's order does not include a certificate of service, the return of an officer, or the affidavit of any person showing service of the notice. Therefore, the order is not sufficient to create a presumption that notice was properly

7

sent or received.   Accordingly, we conclude that the trial court erred in granting summary judgment without notice of the hearing being given to Martinez.

Next, we must determine whether the error is reversible.   *See* TEX. R. APP. P. 44.1.  The error is not reversible unless it either "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." *Id.*

"A trial court must give notice of the submission date for a motion for summary judgment, because this date determines the date the nonmovant's response is due." *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex. App.—Corpus Christi 2003, pet. denied) (op. on reh'g).  "The failure to give notice of the submission date for a motion for summary judgment constitutes error; but, such error is rendered harmless when the trial court considers the nonmovant's response and reconfirms its ruling." *Id.* In this case, Martinez was not prevented from timely filing a response.  Therefore, we cannot conclude that the alleged lack of notice probably caused the rendition of an improper judgment or probably prevented him from properly presenting the case on appeal.  *See Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194–95 (Tex. App.— Dallas 2007, no pet.) ("Given that appellant timely filed a summary judgment response, he has not shown any harm, and he has no apparent meritorious defense, we cannot conclude that the alleged lack of notice probably caused the rendition of an improper judgment or probably prevented him from properly presenting the case on appeal."); *see also Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding "that notice of submission is required, and that the lack of notice in this case was not reversible error because the district court considered [the nonmovant's] response and

8

reconfirmed its ruling"); *Aguirre*, 111 S.W.3d at 335 (holding that "the failure to provide notice prevented [nonmovant] from presenting any response to defendant's motion for summary judgment . . . [and was therefore] error [that] was not rendered harmless").

Martinez's first issue is overruled.

## IV. WAIVER

In his second issue, Martinez contends that Arthur Beckwith waived his defense under the TWCA by failing to plead it in his original answer.

## A. Applicable Law

Rule 94 of Texas Rules of Civil Procedure, "Affirmative Defenses," provides in relevant part:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

TEX. R. CIV. P. 94.

Rule 63 of the Texas Rules of Civil Procedure, "Amendments and Responsive Pleadings," provides:

> Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX. R. CIV. P. 63.

9

**B. Discussion**

Martinez argues that Arthur Beckwith waived his affirmative defense under the TWCA by failing to plead it in his original answer. According to Martinez, the trial court therefore erred in granting summary judgment to Arthur Beckwith based on his affirmative defense. We disagree.

As set forth above, Rule 63 of the Texas Rules of Civil Procedure provides that parties are allowed to amend their pleadings. *See id.* In this case, Arthur Beckwith filed an amended answer on March 30, 2009, asserting an affirmative defense under the TWCA. On October 6, 2011, Arthur Beckwith filed his amended motion for summary judgment on his affirmative defense. Thus, at the time Arthur Beckwith moved for summary judgment, he had pled his affirmative defense. Accordingly, we conclude that Martinez has not demonstrated that Arthur Beckwith waived his affirmative defense under the TWCA.

Martinez's second issue is overruled.

**V. SUMMARY JUDGMENT**

In his third issue, Martinez argues that the trial court erred in granting summary judgment in favor of Arthur Beckwith.

**A. Standard of Review**

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In a traditional motion for summary judgment, the movant has the burden of showing both that there is no genuine issue of material fact and entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(C); *see also Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega v. City Nat'l Bank*,

10

97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences are made, and all doubts are resolved, in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.*; *see also Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.) ("A defendant who moves for [traditional] summary judgment must disprove at least one essential element of the plaintiff's causes of action."). The nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes its cause of action or defense. *Swilley*, 488 S.W.2d at 68.

## B. Applicable Law

The TWCA states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer . . . for the death of or a work-related injury sustained by the employee." *See* TEX. LABOR CODE ANN. § 408.001(a). "The exclusive remedy provision is an affirmative defense that the defendant must plead and prove." *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992) ("[U]nless an employee gives timely notice of his reservation of common-law claim, an employer who pleads and proves subscriber status is immune from liability for common-law negligence and the employee's exclusive remedy is under the

11

[TWCA].").  "[I]n light of the TWCA's definitions of employer and employee the plaintiff's claims are barred by the exclusive remedy provision if the defendant] establishes: (1) it was the plaintiff's employer within the meaning of the TWCA, and (2) it was covered by a workers' compensation insurance policy."  *Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006).

## C.  Grounds for Summary Judgment

In his amended motion for summary judgment, Arthur Beckwith argued that he was entitled to judgment as a matter of law because his summary judgment evidence conclusively established both elements of his affirmative defense:  (1) he was Martinez's employer; and (2) he was covered by a workers' compensation insurance policy.

## D.  Response

In his response, Martinez argued that summary judgment was improper because there were genuine issues of material fact.[2]  First, according to Martinez, his injuries were sustained at a location several miles west of the covered locations specified in the policy relied upon by Arthur Beckwith.  Second, according to Martinez, his injuries were sustained while he was working as a tractor operator, and the policy relied upon by Arthur Beckwith does not cover tractor operators because it is limited to only two classifications of workers: (1) "farm: gardening-market or truck & drivers" and (2)

---

[2] Specifically, Martinez stated as follows:

> In the alternative, the Court [should] deny Defendant's Amended Motion for Summary Judgment because of the genuine issues of material facts and other arguments, argued in Plaintiff's First Amended Response to Defendant's Motion for Summary Judgment, file[d] with the court on September 10, 2009 and incorporated here[in] by reference in its entirety with exhibits attached thereto.

Accordingly, in deciding Martinez's third issue, we use the arguments made by Martinez in his First Amended Response to Defendant's Motion for Summary Judgment.

12

"clerical office employees." Third, according to Martinez, even if the policy covered his injuries, Arthur Beckwith "failed to inform [him] of any such alleged medical insurance coverage."

**E. Discussion**

We conclude that Arthur Beckwith met his burden to "conclusively establish[ that he] . . . subscribed to workers' compensation insurance, that [Martinez] was an employee, and that he suffered a work-related injury." *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 240 (Tex. 2012). Accordingly, the burden shifted to Martinez to raise a genuine issue of material fact precluding summary judgment. *See Swilley*, 488 S.W.2d at 68.

In his response, Martinez argued that he was not covered by any job classification code in Arthur Beckwith's workers' compensation insurance policy. As the Texas Supreme Court held in *Port Elevator-Brownsville*, however, "the rule against split workforces requires that all employees be covered—absent a limited statutory or common-law exception." *Id.* at 244. There is no evidence that any exception to the rule against splitting workforces applies here: (1) Arthur Beckwith operated only one business known as B&B Farms; (2) Martinez was not an officer of B&B Farms; and (3) Martinez was an employee. *See id.* at 243. "Because no exception applies, it does not matter whether [Martinez] was covered by a code classification." *Id.* at 244.

In addition, Martinez argued that his injuries were sustained at a location that was not specified in Arthur Beckwith's workers' compensation insurance policy. On appeal, Martinez has not cited any authority in support of his contention. *See Slagle v. Prickett*, 345 S.W.3d 693, 700 (Tex. App.—El Paso 2011, no pet.) ("When a litigant fails

13

to cite any authority for his position, the issue is inadequately briefed, and we have discretion to deem the argument waived.") (citing Tᴇx. R. Aᴘᴘ. P. 38.1(i)).  Martinez has also failed to provide an argument.  *See Stephens v. Dolcefino*, 126 S.W.3d 120, 126 n.5 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding that issue was inadequately briefed when party merely cited to the summary-judgment proof and standard of review without providing any argument or analysis).  Therefore, the issue is inadequately briefed.  *See Slagle*, 345 S.W.3d at 700.  As such, it is waived.  *See id.*

Finally, Martinez also argued that there was a genuine issue of material fact about whether he had notice that Arthur Beckwith was a subscriber to workers' compensation insurance.  "However, the case law construing the current Texas Labor Code provision applicable to this case does not require employers to provide affirmative notice of workers' compensation coverage to the employee for the exclusive remedy provision to apply."  *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 619 (Tex. App.—Dallas 2006, no pet.).  "Failure to notify an employee of coverage constitutes an administrative violation, punishable only by a fine."  *Id.*  "Neither workers' compensation coverage nor the exclusivity bar of the workers' compensation statute hinges on whether notice has been provided to employees."  *Id.*

Martinez's third issue is overruled.

14

## VI.  CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
18th day of April, 2013.