Mary MATHIS, Petitioner,

v.

Joseph F. LOCKWOOD, Respondent.

No. 04–0516.

Supreme Court of Texas.

June 17, 2005.

Mary Mathis, pro se.

Rhonda F. Hunter, for Joseph F. Lockwood.

PER CURIAM.

Mary Mathis, appearing pro se, appeals the trial court's refusal to set aside a post-answer default judgment against her. The court of appeals affirmed, holding Mathis failed to overcome a presumption that she received notice of the trial setting. 132 S.W.3d 629, 632. Finding neither presumption nor evidence to support this con-

clusion, we reverse and remand to the trial court for a new trial.

Mathis and her two children lived with respondent Joseph Lockwood for some period of time before suit. When the relationship soured, Lockwood filed suit seeking a declaration that he and Mathis were not common-law spouses, and the return of property he claimed Mathis had stolen. Mathis apparently filed an answer, though it is not in the record.

The case was set for trial December 13, 2002, before a visiting judge. Mathis did not appear. After brief testimony from Lockwood, a post-answer default judgment was rendered in his favor.

On January 9, 2003, Mathis filed a "Motion for a Request Rehearing" asserting she never received notice of the December 13th trial. She testified to the same effect at a hearing on the motion before the court's presiding judge on February 4th. Conversely, Lockwood's counsel testified that notice was sent to Mathis's last known address and her former attorney. None of the witnesses were sworn, and while the reporter's record indicates Lockwood's counsel tendered a document to the judge at this hearing, none appears in the reporter's record.[1] The trial court refused to set aside the default judgment.

For many years, a post-answer default could be set aside only if a defendant proved three elements: (1) nonappearance was not intentional or the result of conscious indifference; (2) a meritorious defense; and (3) a new trial would cause neither delay nor undue prejudice. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987)

(citing *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

When the first element is established by proof that the defaulted party was not given notice of a trial setting, we have dispensed with the second element for constitutional reasons. *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)).

For the same reasons, the court of appeals also dispensed with the third element. 132 S.W.3d at 631; *accord In the Matter of the Marriage of Lisa Ann Runberg,* 159 S.W.3d 194, 200 (Tex.App.Amarillo 2005, no pet.); *In the Matter of the Marriage of Brenda May Parker,* 20 S.W.3d 812, 817–18 (Tex.App.Texarkana 2000, no pet.). We need not reach that issue here, however, because in any event Mathis's sworn motion asserted that a new trial would not injure Lockwood, and nothing in the record establishes the contrary. *Cliff,* 724 S.W.2d at 779–80 (requiring new trial as "there is nothing in the record to show that a new trial will work an injury to [the plaintiff]"); *see also Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994) (holding *Craddock* elements may be established by affidavit, even if not tendered as evidence at new trial hearing).[2]

Thus, the only question before us is whether Mathis established the first element. Her sworn motion for new trial asserted that she failed to appear at the December 13th trial because she never received notice of the setting. At the post-judgment hearing, Lockwood's counsel testified that notice was sent to Mathis, and

---

1. At Mathis's request, the court of appeals ordered both the district clerk and the court reporter to supplement the record with any exhibits. Tex.R.App. P. 34.5(c), 34.6(d). Neither found any.

2. While Mathis's motion for new trial was filed after the trial court's initial hearing on her "rehearing" motion, it was brought to the trial court's attention at a second hearing held about a month later.

Mathis denied receiving it. While statements by neither were under oath, the oath requirement was waived when neither raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge on the sole contested issue. *Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997) (holding attorney's unsworn statements tendered as evidence were sufficient absent objection); *see also Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex.2005) (holding pro se litigants are governed by the same rules as attorneys).

The court of appeals held that the trial court as fact finder could have concluded that Mathis failed to overcome the presumption "that a trial court hears a case only after proper notice to the parties" and "that she was notified of the trial setting." 133 S.W.3d at 631–32 (citing *Hanners v. State Bar of Tex.,* 860 S.W.2d 903, 908 (Tex.App.Dallas 1993, no writ)). We disagree that there were any such presumptions on the facts presented here.

█ It is true that notice properly sent pursuant to Rule 21a raises a presumption that notice was received. Tex.R. Civ. P. 21a; *Cliff,* 724 S.W.2d at 780. But we cannot presume that notice was properly sent; when that is challenged, it must be proved according to the rule.

Unlike service of citation, Rule 21a allows service of notices by anyone competent to testify. Tex. R Civ. P. 21a. When a party or attorney of record serves the notice (as occurred here), "[t]he party or attorney of record shall certify to the court compliance with this rule in writing over signature and *on the filed instrument.*" *Id.* (emphasis added). Like any other contemporaneous business record, this certificate bears some assurance of trustworthiness as it was prepared as a matter of office routine before any dispute about notice arose.

"A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." *Id.* Here, the record contains no certificate of service, no return receipt from certified or registered mail, and no affidavit certifying service. Instead, the only evidence of service in the record was the oral assurance of counsel. As the rule's requirements are neither vague nor onerous, we decline to expand them this far. As none of the prerequisites for prima facie proof of service were met, the court of appeals was incorrect in indulging a presumption that Mathis received the notice Lockwood's counsel sent.

Without this presumption, there was no evidence that Mathis received notice of the trial setting. Testimony by Lockwood's counsel that notice was *sent* did not contradict Mathis's testimony that notice was never *received. See id.* ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received. . . .."). Even if the trial judge disbelieved Mathis's testimony, that would not provide affirmative evidence that service occurred. *See Bose Corp. v. Consumers Union of U.S., Inc.,* 466 U.S. 485, 512, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion.").

No other alternatives established service. Notice to Mathis's former attorney was no longer notice to Mathis after her attorney withdrew. Tex.R. Civ. P. 10; *see, e.g., Stoner v. Thompson,* 578 S.W.2d 679, 684 (Tex.1979) (holding pro se party was charged with notice of all pleadings served on him, or on his attorney prior to withdrawal). Notice to Mathis's last known

address was sent to Lockwood's home; Lockwood could not serve Mathis by serving himself. And counsel's statement at the trial that "I had my office call her and speak to her about today's hearing" shows no personal knowledge that notice was received, certainly none 45 days before trial. Tex.R. Civ. P. 245.

Citing Rule 21a's provision that notice may be sent to a party's last known address, the court of appeals held that litigants have a duty "to keep the court and parties apprised of their correct and current address." 132 S.W.3d at 631. Not all courts of appeals appear to agree. *See Ewton v. Gayken,* 130 S.W.3d 382, 384–85 (Tex.App.Beaumont 2004, pet. denied) (holding court clerk erred by sending dismissal notice to attorney's address of record rather than forwarding address printed on returned envelope). But even assuming there is such a duty, unless noncompliance was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to be heard. *Peralta,* 485 U.S. at 85–86, 108 S.Ct. 896; *Cliff,* 724 S.W.2d at 779.

Because the *Craddock* test was satisfied in this case, the trial court abused its discretion in refusing to set aside the default judgment against Mathis. Accordingly, without hearing oral argument, we grant Mathis's petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for further proceedings consistent with this opinion. Tex.R.App. P. 59.1.