Opinion issued May 20, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00649-CV

———————————

Sally Irene Shook, Appellant

V.

Gerald Paul
Shook, Appellee



 



 

On Appeal from the 308th District Court

Harris County, Texas



Trial Court Case No. 2008-49572

 



 

MEMORANDUM OPINION

          Sally
Irene Shook (Sally) appeals the trial court’s April 14, 2009 decree of divorce,
contending that it should be reversed because (1) she did not receive notice of
the hearing in which the trial court signed the decree, and (2) the decree
fails to divide the marital estate.  We
hold that Sally failed to receive requisite notice of the hearing and reverse.

Background

Citing marital discord, Gerald Paul
Shook (Gerald), acting through his attorney, Casie Gotro, petitioned for a
divorce from Sally on August 20, 2009. 
Sally, through her attorney, Michael Gillespie, answered and
counterpetitioned.  The trial court set
the case for trial on April 6, 2009.  

On that date, the parties appeared
and requested a continuance.  The trial
court continued the trial date until the week of April 20th so that they could
attend mediation.  

On April 9, the date of the
scheduled mediation, Sally, at Gerald’s request, arrived alone at Gotro’s
office.  Gotro gave her a proposed agreed
final divorce decree, which she signed. 
The decree recites that the parties “agreed to a just and equitable
division of the community property” as set forth in an “Agreed
Settlement.”  Shortly after that meeting,
Sally returned to her home in Washington State. 


According to Gotro, her direct
contact with Sally and not Gillespie proceeded from her understanding that
Sally had terminated Gillespie. 
Gillespie himself received a letter from Sally informing him that she no
longer needed his services.  Gillespie,
however, did not move to withdraw from representing Sally; to the contrary, he
continued to represent Sally in connection with the motion for new trial.  

          The
trial court set the proposed final agreed divorce decree for entry on April 14,
2009.  The record does not contain either
a notice of hearing to Sally or Gillespie or certificate of service showing
that Gerald, either individually or through his counsel, otherwise informed
Sally or Gillespie of the setting.  

On April 14, Gerald and his
counsel, Gotro, appeared before the trial court.  The judgment recites that Sally did not
appear.  The trial court signed the
agreed decree that Sally, Gerald, and Gotro had signed five days earlier.  The signed decree refers to, but does not
attach, the agreed settlement memorializing the parties’ property division.  

On May 8, Sally, acting through
Gillespie, moved for new trial, on the grounds that the decree’s division of
marital property was not just and equitable and that Gerald had failed to
provide notice of the April 14 hearing. 
A visiting judge heard the motion for new trial and, after an
evidentiary hearing on the motion, denied relief.  Sally timely appealed.

Discussion

          The
dispositive issue in this appeal deals with the application of the rules of
civil procedure to undisputed facts, which is a question of law we review de
novo.  See Moore v. Wood, 809 S.W.2d 621, 623 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding
rules of statutory construction also apply to rules of procedure).  Under Texas Rule of Civil Procedure 8, 

an attorney whose signature first appears on
the initial pleadings for any party shall be the attorney in charge, unless
another attorney is designated therein. 
Thereafter, until such designation is changed by written notice to the court
and all other parties in accordance with Rule 21a, said attorney in charge
shall be responsible for the suit as to such party.  

All communications from the court or other
counsel with respect to a suit shall be sent to the attorney in charge.

Tex. R. Civ. P. 8.  Once an attorney becomes the
attorney in charge, he “may withdraw from representing a party only upon
written motion for good cause shown.”  Tex. R. Civ. P. 10.  Gillespie signed Sally’s original answer and
counterpetition.  He did not move to
withdraw, and no motion to substitute was before the court.  Thus, according to Rule 8, Gillespie is
Sally’s attorney in charge and was so when Gerald filed the proposed divorce
decree.  

Notice properly sent pursuant to
Rule 21a raises a presumption that a party received notice.  Tex. R.
Civ. P. 21a; Mathis v. Lockwood,
166 S.W.3d 743, 745 (Tex. 2005).  “But we
cannot presume that notice was properly sent; when that is challenged, it must
be proved according to the rule.”  Mathis, 166 S.W.3d at 745.  Rule 21a provides:

Every notice required by these rules, and
every pleading, plea, motion, or other form of request required to be served
under Rule 21, . . . may be served by delivering a copy to the
party to be served, or the party’s duly authorized agent or attorney of record,
as the case may be, either in person or by agent or by courier receipted
delivery or by certified or registered mail, to the party’s last known address,
or by telephonic document transfer to the recipient’s current telecopier
number, or by such other manner as the court in its discretion may direct.

Tex. R. Civ. P. 21a; see also Tex. R. Civ. P. 10 (if attorney is substituted for attorney
who withdrew, he or she must be designated of record).  

Gerald does not attempt to show
that he served either Gillespie, or, for that matter, Sally, with notice of the
hearing in the trial court for entry of the proposed judgment.  Instead, he contends that Texas Rule of Civil
Procedure 305, which requires that a party serve a proposed judgment on “all
other parties to the suit who have appeared and remain in the case,” relieved
him of the obligation to serve Gillespie because Gillespie was no longer
Sally’s attorney.  See Tex. R. Civ. P.
305.  

Rule 305 does not support Gerald’s
position.  Rule 305 expressly requires
service of the proposed judgment “in accordance with Rule 21a.”  Id.  The rules therefore required Gerald to serve
Gillespie, as Sally’s attorney of record, with notice of the hearing date on
the proposed judgment.[1]  See Tex. R. Civ. P. 21a; see also Tex. R. Civ. P. 21 (requiring parties or their attorneys in
charge of application to court for order to serve notice of hearing on other
parties’ attorneys in charge at least three days before hearing date and
requiring serving attorney to certify compliance with rule).  Even though Sally reviewed the proposed
agreed judgment, she also was entitled to notice of the scheduled hearing for
entry of that judgment.  It is undisputed
that neither she nor her lawyer was ever served with a notice of the hearing
date and time.  

The evidence before the trial court
on Sally’s motion for new trial shows that Gerald did not serve notice of the
hearing date on either Gillespie or Sally. 
The trial court thus erred in refusing to grant Sally’s motion for new
trial and set aside the divorce judgment. 
See Mathis, 166 S.W.3d at 745.

Conclusion

          We
reverse the judgment of the trial court and remand the case for further
proceedings.

 

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Justices Jennings, Hanks, and
Bland.











[1]
We further note that the divorce decree does not
comply with either Texas Rule of Civil Procedure 167.2, applicable to certain
settlement offers, including those under the Family Code, or section 6.602 of
the Family Code governing mediated settlement agreements.  See
Tex. R. Civ. P. 167.1, 167.2; Tex. Fam. Code Ann. § 6.602(b)
(Vernon 2006).