**Affirmed and Opinion Filed July 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00676-CV

**RUTH TORRES, Appellant**
**V.**
**PURSUIT OF EXCELLENCE, INC., Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08711**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Appellant Ruth Torres files this interlocutory appeal of the trial court's denial of her motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008, 51.014(a)(12). Torres brings six issues on appeal, four concerning the motion's untimeliness, one addressing its merits, and one questioning whether an automatic stay was in place at the time the motion was denied. We affirm the trial court's denial of Torres's motion to dismiss.

### BACKGROUND

The underlying dispute in this case concerns a contract in which Torres was to provide human resources consulting services to appellee, Pursuit of Excellence (POE). Due to the nature of the agreement, Torres received access to a broad range of POE's confidential and proprietary

information. Appellee alleged Torres prematurely terminated her contract with the company and transmitted POE's confidential and proprietary information to her personal electronic storage device. On July 20, 2016, POE filed suit against Torres for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, unjust enrichment, tortious interference with contract and business relationships, and commercial disparagement. Torres filed an answer, denying allegations and asserting claims against POE and other parties. On February 7, 2018 POE filed its first amended petition, containing no new causes of action. POE filed a second amended petition adding violations of the Texas Finance Code and the Texas Harmful Access by Computer Act on March 14, 2018.

On May 15, 2018 Torres filed a motion to dismiss POE's claims against her pursuant to the TCPA. POE filed a response, objecting that the motion was untimely because it was filed over two years after the inception of all claims except two, and sixty-two days after those claims, and also objecting that Torres failed to meet her burden of proof under the TCPA. Torres responded, seeking leave to file her motion on the basis that she was "pro se and was unaware of this statute." The trial court held a hearing on Torres's motion to dismiss, and the court denied that motion on June 6, 2018. The next day, Torres filed a notice of appeal challenging the order denying her motion to dismiss, among other orders.[1]

TEXAS CITIZENS PARTICIPATION ACT

We review a trial court's denial of a TCPA motion to dismiss de novo. *Dyer v. Medoc Health Servs., LLC*, No. 05-18-00472-CV, 2019 WL 1090733, at *3 (Tex. App.—Dallas Mar. 8, 2019, pet filed). A party triggers the TCPA's dismissal procedure by filing a motion to

---

[1] We ordered Torres to file a brief in this case limited to the trial court's denial of Torres's motion to dismiss under the TCPA. We determined that we lack jurisdiction over numerous other orders listed in Torres's notice of appeal, and that review of the trial court's order on DFW Airport's jurisdictional plea would proceed under a separate case number.

dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). A motion to dismiss must be filed not later than the 60th day after the date of service of the legal action. *Id.* § 27.003(b). If the motion is not filed within the statutory deadline, the movant forfeits the early-dismissal protections of the statute. *See, e.g.*, *Braun v. Gordon*, No. 05-17-00176, 2017 WL 4250235, at *1, 3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.).  But, the trial court may extend the time to file a motion on a showing of good cause. TEX. CIV. PRAC. & REM. CODE ANN § 27.003(b).

## ANALYSIS

### I.      *Torres's Motion Was Untimely*

Torres's first four issues concern the timeliness of her TCPA motion to dismiss. First, Torres asks whether the petitions and pleadings of the parties are sufficient to support dismissal under the TCPA without Torres explicitly invoking the Act. Both parties agree that Torres did not mention the TCPA in anything she filed prior to May 15. Relief under the TCPA requires the filing of a motion to dismiss under the Act. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a), (b). Until Torres filed her motion to dismiss under the Act, the trial court had no motion before it on which it was empowered to rule in accordance with the TCPA. The Act empowers the court to rule on a motion pending before it; it does not empower the court to apply the TCPA sua sponte. TEX. CIV. PRAC. & REM. CODE § 27.005. The trial court could not have granted this relief without a pending motion. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(c). We decide against Torres on this issue.

In her second issue, Torres asks whether her TCPA Motion to Dismiss was "considered filed timely if one day late due to technical difficulty per [TEX. R. CIV. P. 21(f)(6)]." Torres filed her motion to dismiss on May 15, 2018. The parties do not dispute that this was more than sixty days after she was served with the second amended petition. *See* TEX. CIV. PRAC. & REM. CODE ANN § 27.003(b).  In defense of her late filing, Torres argues to this Court that she was unable to file timely due to a "technical difficulty" in the e-filing system. In the trial court, however, she

–3–

justified her untimeliness with different explanations, arguing first that "the record did not show service of the citation" for POE's amended February 7, 2018 pleading; second, that the record did not show "service of the citation for POE's March 14, 2018 pleading"; and third, that she "is pro se and unaware [of the TCPA]."

Under Texas law, POE's certificates of service for both pleadings create a presumption of service because they constitute prima facie evidence of service. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The record shows that Torres was served with both of POE's amended pleadings. Torres did not argue or attempt to rebut such a presumption. Also, she provided no evidence at trial to support her claim of technical difficulty. Because she provided no evidence of her alleged technical difficulty in the trial court, there is no evidence for us to review here. Torres did not meet the statutory deadline. We overrule Torres's second issue.

In Torres's third issue, she asks whether POE's First Amended Original Petition "restart[s] the count for purposes of the TCPA." At the time Torres filed her TCPA Motion to Dismiss, POE had filed a Second Amended Original Petition, which the trial court reviewed under the TCPA. The record shows Torres was served with the Second Amended Original Petition on March 14, 2018. Torres filed her motion to dismiss under the TCPA on May 15, 2018, which is more than sixty days later. We need not address whether the clock was "restarted" by the February 7 filing and service, because even if it was, Torres's TCPA motion to dismiss would have been filed more than sixty days after she was served with the Second Amended original petition, making her motion untimely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b).

Torres's fourth issue contending her TCPA motion was timely is that it was filed within sixty days after service of other motions by POE, making it timely as to those motions. However, Torres moved only to dismiss POE's pleaded causes of action in her motion; she did not move to dismiss any legal actions by POE filed within the sixty-day period. Because she did not move to

dismiss any of POE's interim motions, we need not determine whether any of POE's interim motions constitute "legal actions" within the TCPA's statutory definition of that term. *See* TEX. CIV. PRAC. & REM. CODE §27.001(6). We overrule Torres's fourth issue.

II.    *Torres's Untimely Motion Makes It Unnecessary to Address the Merits of Her Remaining Arguments*

Torres raises two additional issues before this Court. In her fifth issue, she asks this Court to address the motion on its merits. In light of our conclusion that the motion was untimely, we need not examine its merits. *See Braun v. Gordon*, No. 05-17-00176, 2017 WL 4250235, at *1, 3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.). In her sixth issue, Torres asks whether there was an automatic stay under section 51.014(b) at the time the motion to dismiss was denied. Because the motion was untimely, we need not examine the possible existence of a stay. *See id*. (concluding that the movant's failure to have the case set for a timely hearing results in the movant forfeiting the TCPA's protections, and the case should continue as if the motion to dismiss was never filed).

## CONCLUSION

We affirm the trial court's denial of the motion to dismiss.

/Lana Myers/
_____
LANA MYERS
JUSTICE

180676F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUTH TORRES, Appellant

No. 05-18-00676-CV     V.

PURSUIT OF EXCELLENCE, INC.,
Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-08711.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of July, 2019.