# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00532-CV

---

**Pamela Johnson, Appellant**

**v.**

**Texas Mutual Insurance Company, Appellee**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-15-001439, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pamela Johnson appeals from a no-evidence summary judgment rendered in favor of Texas Mutual Insurance Company on Johnson's petition for judicial review of a Division of Workers' Compensation (DWC) decision. On appeal, Johnson argues that the district court erred by excluding her summary-judgment evidence. We will affirm.

## BACKGROUND

On February 9, 2013, Johnson sustained a compensable work-related injury. Texas Mutual accepted liability for her injuries, including a right knee sprain and left ankle sprain. However, Johnson claimed that her injury included left ankle Complex Regional Pain Syndrome (CRPS) and tendinosis/tendinitis of the left posterior tibial tendon. She further disputed the date of her maximum medical improvement (MMI), her impairment rating, and the period of disability.

Johnson initiated a dispute-resolution process at the DWC to resolve the disputed issues. The DWC administrative law judge (ALJ) issued a decision and order finding that Johnson's compensable injury included tendinosis/ tendonitis, but not left ankle CRPS; that Johnson had not yet reached MMI and therefore should not be assigned an impairment rating; and that Johnson did not have disability from February 12, 2013 through December 31, 2013. Johnson appealed the ALJ's decision and order, but the DWC Appeals Panel affirmed the ALJ's decision on all issues. Johnson then filed a petition seeking judicial review challenging the panel's findings.

In June 2015, Texas Mutual requested that an independent doctor assess whether Johnson had reached MMI and, if she had, to assign her an impairment rating. *See* Tex. Lab. Code § 408.0041(a)–(b) (providing that insurance carrier may request designated doctor to perform medical examination to resolve questions about work-related injury). The doctor opined that Johnson reached MMI on February 24, 2015, and assigned an impairment rating of zero percent. Johnson initiated another dispute-resolution process at the DWC to challenge the designated doctor's findings. The ALJ issued a decision and order finding that Johnson reached MMI on February 24, 2015, and assigned her a zero percent impairment rating.

Johnson then filed another petition seeking judicial review of the ALJ's decision, and the district court consolidated the two pending cases. Johnson moved for a traditional summary judgment on all issues, and Texas Mutual filed a no-evidence motion for summary judgment and objections to Johnson's summary-judgment evidence. *See* Tex. R. Civ. P. 166a(c), (i). The district court sustained Texas Mutual's objections, leaving Johnson with no summary-judgment evidence, and granted Texas Mutual's no-evidence motion for summary judgment. Johnson timely appealed. She appears pro se before our Court.

DISCUSSION

We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we determine all questions presented and render the judgment the trial court should have rendered. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a no-evidence motion, the respondent has the burden to produce some evidence raising a genuine issue of material fact. *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017). If the non-movant fails to raise an issue of material fact, the court must grant the motion. *Id.*

Johnson argues the district court erred by sustaining Texas Mutual's objection to Johnson's exhibits, resulting in the court improperly granting Texas Mutual's no-evidence motion for summary judgment. We review the exclusion of evidence for an abuse of discretion. *Sanders v. Shelton*, 970 S.W.2d 721, 727 (Tex. App.—Austin 1998, pet. denied). Johnson's sole argument is that the district court "should have considered" her exhibits as evidence. Johnson is pro se, and we construe pro se filings liberally and with patience. *Veigel v. Texas Boll Weevil Eradication Found.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.). However, pro se litigants must comply with the same rules and standards as those represented by attorneys. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). An appellant must adequately brief an issue on appeal by providing a clear and concise argument with appropriate citations to authorities. *See* Tex. R. App. P. 38.1(i). Construing Johnson's brief liberally, Johnson does not assert an argument supported by legal authority showing that the district court abused its discretion by sustaining Texas Mutual's objections to her exhibits. We have "no duty—or even a right—to perform an independent review of the record and applicable law to determine whether

3

there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). We conclude that Johnson has waived her evidentiary issue. And because Johnson did not provide evidence in response to Texas Mutual's motion, she failed to raise a genuine issue of material fact. Therefore, we overrule Johnson's issues on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed.

Filed: August 23, 2019