

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00077-CV

_____

IN THE INTEREST OF D.N.A., A CHILD

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL152-19, Honorable Jerod Pingelton, Presiding

July 11, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from an order denying a motion for new trial. The underlying suit was one affecting the parent-child relationship. We affirm.

*Background*

DNA is the child of MS (mother) and RA (father). RA appeared at the hearing from which resulted the order. MS did not. The trial court noted her absence and that of her attorney, inquired whether opposing counsel knew if they had notice of the hearing, and observed that the court had not heard from them. Opposing counsel described her unsuccessful efforts to contact MS's counsel, told the court of her confidence in their being notified of the date, and tendered exhibits purporting to establish that notice. Upon

admitting those exhibits, the trial court proceeded. Its ensuing final order contained the following recital: "Respondent, [MS], has made a general appearance and was duly notified of trial, but failed to appear and defaulted." MS moved for new trial. The motion was denied, apparently by operation of law. MS appealed.

Her sole issue concerns the entry of the final order when she purportedly lacked notice of the trial date. We overrule the issue.

### *Applicable Law and Analysis*

Given that the appeal concerns the denial of a motion for new trial, the standard of review is abused discretion. *In re A.J.M.*, No. 11-20-00222-CV, 2021 Tex. App. LEXIS 7347, at *3 (Tex. App.—Eastland Sept. 2, 2021, no pet.) (mem. op.); *Sheppard v. Sheppard*, No. 07-14-00074-CV, 2015 Tex. App. LEXIS 10691, at *3 (Tex. App.—Amarillo Oct. 15, 2015, no pet.) (mem. op.). Thus, MS must show that the trial court's decision failed to comport with controlling rules and principles or was otherwise arbitrary and capricious. *In re A.J.M.,* 2021 Tex. App. LEXIS 7347, at *3 (so describing abused discretion); *Montes v. Wells*, No. 07-10-00478-CV, 2012 Tex. App. LEXIS 5791, at *7 (Tex. App.—Amarillo July 18, 2012, no pet.) (mem. op.) (same). To that we add authority requiring the motion for new trial to be brought to the trial court's attention. *Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 Tex. App. LEXIS 3297, at *4–5 (Tex. App.—Fort Worth Apr. 29, 2021, pet. denied) (mem. op.) (holding that the movant must exercise diligence in obtaining a hearing on a motion for new trial before complaining that the trial court abused its discretion by failing to grant a motion for new trial under the *Craddock* rule and that the failure to use diligence to obtain that hearing results in waiving the point since the trial court was denied the opportunity to exercise its discretion before

2

the motion was overruled by operation of law); *Lilly v. Tolar*, No. 06-01-00163-CV, 2002 Tex. App. LEXIS 6092, at *9 (Tex. App.—Texarkana Aug. 22, 2002, pet. denied) (mem. op.) (stating that "there is no abuse of discretion in the overruling of a motion for new trial by operation of law where the record fails to show any attempt to obtain a timely hearing"); *Newby v. Pope*, No. 07-97-00186-CV, 1998 Tex. App. LEXIS 7475, at *12 (Tex. App.—Amarillo Nov. 30, 1998, pet. denied) (mem. op.) (holding that the trial court did not abuse its discretion in denying the motion for new trial since, among other reasons, it was not called to the attention of the trial court).

Next, "[e]ntry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam). One generally attacks a post-answer default judgment by proving that (1) his nonappearance was not intentional or the result of conscious indifference; (2) he has a meritorious defense; and (3) a new trial would cause neither delay nor undue prejudice. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam). The second and third elements, though, need not be established if the movant failed to receive notice of hearing from which the decree arose. *Id.* That is, "[w]hen a party receives no notice of a trial setting, she satisfies the first prong of [the three-pronged test] and does not have to meet the remaining prongs . . . to be entitled to a new trial." *Strong v. Brooks*, No. 07-21-00004-CV, 2022 Tex. App. LEXIS 562, at *3 (Tex. App.—Amarillo Jan. 26, 2022, no pet.) (mem. op.). Yet, the burden lies with the party attacking the default judgment to prove the aforementioned elements. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (per

curiam) (so noting). And, if the record shows that the movant's factual assertions are uncontroverted, the trial court must accept them as true. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam); *In re A.J.M.*, 2021 Tex. App. LEXIS 7347, at *7. Nevertheless, factual assertions are interpreted from the trial court's perspective. So, if the evidence can be read in a way supporting the court's decision, we defer to that interpretation. This is so because it, not us, has the power to try fact, weigh credibility disputes, and resolve evidentiary conflicts. *See Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, no writ) (holding that "trial court serves as fact finder at hearing on a motion for new trial and, accordingly, is the sole judge of the witnesses' credibility" and concluding that trial court did not abuse its discretion, when appellant testified that he had not received notice, by implicitly finding that appellant had, in fact, received notice); *accord In re J.G.*, No. 12-18-00111-CV, 2018 Tex. App. LEXIS 8810, at *20 (Tex. App.—Tyler Oct. 29, 2018, pet. denied) (mem. op.).

Here, MS attested to underlying facts through her verified motion for new trial. The motion included the assertion that she lacked "adequate notice" of the November 18th hearing date. So too did she describe a series of changing events, beginning with a setting on November 23, 2021, and culminating in the eventual adoption by the trial court of the November 18th date. Reference is also made to her trial counsel diligently searching his email and uncovering "no record of the Order Setting Hearing." Yet, neither MS nor her attorney expressly denied having either actual or constructive knowledge or notice of the November 18th hearing date. And, the aforementioned utterances in the verified motion do not necessarily compel an inference that such knowledge or notice was missing. Indeed, the trial court may have interpreted the reference to MS lacking

"adequate notice" as ambiguous. The statement could mean she had no notice or that she garnered notice in some manner that she deemed insufficient. Similarly ambiguous is the statement about counsel failing to discover a copy of the order upon searching his email. Failing to uncover the order does not mean he had no prior notice or knowledge of the hearing date. It means he did not find a copy of the order. And, in allowing the motion for new trial to be denied by operation of law, the trial court may well have construed the averments before it in that manner. This is especially so given the evidence of an email chain admitted of record and statements of opposing counsel made at the hearing. In the former, the attorneys or their representatives discussed alternate hearing dates, one of which was November 18, 2021. Through the latter, counsel represented to the trial court that she was "confident" opposing counsel knew of the hearing date.

The outcome here may seem harsh. One could view us as being "laser-focused" on or sticklers about the use of particular words. But, words and phrases have meaning and paint pictures. Sometimes certain words are used to paint clear pictures; sometimes they are selected to paint vague ones. Those used here conveyed blurred descriptions which do not necessarily mandate the reasonable conclusion that those uttering them meant to say they actually lacked notice of the November 18th hearing. Given this and the trial court's potential interpretation of the evidence before it, we cannot say it abused its discretion in denying the motion for new trial.

Additionally, nothing of record indicates that MS attempted to obtain a hearing on or otherwise bring to the trial court's attention her motion for new trial. That too prevents us from concluding the trial court abused its discretion in denying it by operation of law.

*See Century Sports Wears, Inc.*, 2021 Tex. App. LEXIS 3297, at *4–5*; Lilly*, 2002 Tex. App. LEXIS 6092, at *9; *Newby*, 1998 Tex. App. LEXIS 7475, at *12*.

Finally, and to the extent that MS suggests the November 18th hearing date afforded inadequate notice because it violated Texas Rule of Civil Procedure 245, we say the following. *See* TEX. R. CIV. P. 245 (requiring, among other things, reasonable notice of a hearing date which shall be at least 45 days prior notice of a first setting). Both sides proposed November 18th as potentially viable, according to the email chain between counsel or their representatives. In her counsel so proposing, MS cannot be heard complaining about the trial court's decision to accept it. *See Buckingham v. McAfee*, 393 S.W.3d 372, 375 (Tex. App.—Amarillo 2012, pet. denied) (holding that a party waives alleged error it invited).

We overrule the sole issue and affirm the denial of the motion for new trial.


Brian Quinn
Chief Justice