# Supreme Court of Texas

No. 23-0443

Richard Wade,

*Petitioner*,

v.

Luiz Valdetaro and Vertical Computer Systems, Inc.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

Defendant Richard Wade appeals a $21.6 million judgment rendered after a one-hour bench trial at which he appeared but presented no evidence. Wade alleges he was unprepared to defend himself because notice of the trial setting was sent to an incorrect address. A party who has appeared in a contested civil case has a constitutional right to notice of a trial. By rule, and absent an agreement otherwise, notice must be effected not less than 45 days before a first setting. That did not happen here. Having sufficiently informed the trial court about the service defect, Wade is entitled to a new trial.

Wade is the former president, CEO, and director of Vertical Computer Systems, Inc. In April 2020, Vertical's chief technical officer and several of its shareholders sued Wade and his co-director for breach of fiduciary duty and fraud. The original petition states Wade's address for service of process as "3717 Cole Avenue, **Apt. 293**, Dallas, Texas 75204." (Emphasis added.) Confirming receipt of service at that address, Wade, through his trial counsel, timely filed an answer and a verified plea for abatement of the suit pending Vertical's joinder as a necessary party. Attached to the plea is Wade's unsworn declaration verifying his address as "3717 Cole Ave., **Apt. 293**, Dallas, Texas 75204." (Emphasis added.)

About a year later, the plaintiffs' claims against Wade were severed into a separate action, and the trial court ordered the parties to submit those claims to binding arbitration in accordance with Wade's employment agreement. Shortly thereafter, in June 2021, Wade's attorney filed a motion to withdraw. The motion stated that Wade had been notified by certified mail, regular mail, and email about the motion and his right to object. *See* TEX. R. CIV. P. 10. Unlike previous filings, however, the motion identified Wade's "last known address" as "3717 Cole Ave., **Apt. 277**, Dallas, Texas 75204"—same street address, different apartment number. (Emphasis added.)

While that motion was pending, the trial court notified the parties that the case was set to be dismissed for want of prosecution in August 2021. *See* TEX. R. CIV. P. 165a. The dismissal notice stated that Wade had "No Known Address." Days later, the trial court granted counsel's motion to withdraw. Wade did not object to counsel's withdrawal, and no attorney was substituted as counsel.

2

The following month, the trial court removed the case from the dismissal docket and scheduled a bench trial for April 19, 2022. Notice of the trial setting was mailed to Wade on August 24, 2021, at the Apt. 277 address counsel's motion to withdraw had listed as Wade's "last known address" rather than the Apt. 293 address the plaintiffs had designated for service, which Wade had confirmed in his declaration.

Trial commenced by Zoom as scheduled on April 19. Wade appeared pro se but remained silent until the court asked if he wanted to cross-examine the plaintiffs' second witness. Wade's response led to the following exchange:

> THE COURT: Any cross-examination?
>
> MR. WADE: Yes. This is Richard Wade.
>
> THE COURT: Okay.
>
> MR. WADE: And unfortunately, I didn't know about this—
>
> THE COURT: Mr. Wade, you've already talked to my court coordinator. You were responsible for keeping the Court notified of your change of address, and you haven't done that. And so, you were provided notice of this trial, you did not attend. And so, I'm not sure what else to tell you. But we provided—under the Dallas County local rules, you should have called in last Thursday. We bent over backwards to provide you the Zoom link. If you have any questions, you can ask them now.
>
>          . . . .
>
> THE COURT: Mr. Wade, did you want to ask any questions?
>
> MR. WADE: Not right now.

Thereafter, the plaintiffs called just one more witness before resting. The court then invited Wade "to go ahead and make [his] presentation." Wade offered a brief narrative response and an even briefer closing argument but no evidence.

3

Within an hour of commencing trial, the court announced: "I've already made a decision. I'm ruling in favor of the Plaintiff[s] on all of this." The final judgment awarded the plaintiffs more than $21 million for breach of fiduciary duty, theft, embezzlement, and fraud.

Wade promptly filed a pro se notice of appeal, arguing that the trial notice was "sent to the wrong address" and that he did not receive notice "until the day the trial started . . . when [the clerk] emailed instructions on how to log into the trial 'call.'" The court of appeals affirmed the multimillion-dollar judgment, ___ S.W.3d ___, 2023 WL 3114671, at *1 (Tex. App.—Dallas Apr. 27, 2023), but we hold that proceeding to trial in derogation of Wade's right to notice was reversible error. Failure to provide notice of a trial setting to a party who has appeared in the case "violates basic principles of due process," warranting a new trial. *E.g.*, *Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019); *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014) ("[F]ailure to comply with the notice requirements in a contested case deprives a party of his constitutional right to be present at the hearing and to voice his objections in an appropriate manner[.]"); *see* TEX. R. CIV. P. 245 (requiring "reasonable notice of not less than forty-five days" of a first trial setting for a contested case absent an agreement otherwise); *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) ("When parties are not afforded a meaningful opportunity to be heard, the remedy for denial of due process is due process." (internal quotation marks and citation omitted)).

Under Rule 21a, service of notice by mail is complete when a postpaid and "properly addressed" document is deposited in the mail. TEX. R. CIV. P. 21a(b)(1). Notice served in accordance with Rule 21a raises a presumption that notice was received, *see* TEX. R. CIV. P. 21a(e),

4

but "we cannot presume that notice was properly sent," *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

Wade contends that he did not receive proper notice because the trial notice was not "properly addressed." As Wade notes, notice of the trial setting was mailed to an address provided by withdrawing counsel that differed from the address Wade had provided to the court. Furthermore, the clerk's office had itself demonstrated confusion about Wade's address by stating on the dismissal notice that he had "No Known Address." When Wade first spoke at trial, he informed the court that he lacked adequate notice about the trial setting. The court interrupted Wade before he could articulate the specifics of his complaint, but the ensuing colloquy demonstrates the court's understanding that Wade was challenging receipt of notice based on an incorrect address. The court rejected Wade's complaint,[1] citing a duty to notify the court clerk about any address changes. *See* TEX. CIV. PRAC. & REM. CODE § 30.015 (requiring civil litigants to notify the clerk in writing if the party's address changes and authorizing the court to "assess a fine of not more than $50" for noncompliance). The court might be right about the duty, but it was wrong about the consequence.

Even assuming such a duty, unless the failure to update an address "was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to be heard." *Mathis*, 166 S.W.3d at 746 (applying the *Craddock* standard and citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85-86 (1988));

---

[1] Plaintiffs' contention that Wade failed to preserve error is without merit. The trial transcript confirms the trial court knew the nature of Wade's complaint and ruled against him. *See* TEX. R. APP. P. 33.1(a), (c).

5

*see B. Gregg Price, P.C.*, 661 S.W.3d at 424-25 (holding that the trial court erred in granting summary judgment when the defendant established that the failure to present a defense was due to lack of proper notice rather than intentional or consciously indifferent conduct). Whether Wade's error is more aptly characterized as a failure to correct a mistake than a failure to provide an updated address makes little difference in the due-process inquiry. A new trial is necessary because there is no allegation that withdrawing counsel intentionally provided an incorrect address for his client, and nothing from which to infer intent or conscious disregard on Wade's part in failing to notice, correct, or update the address. To the contrary, the record contains evidence of a reasonable explanation for Wade's failure to monitor the suit: the trial court had previously ordered the parties to binding arbitration and, consistent with that order, counsel's motion to withdraw informed Wade that there were no pending trial court deadlines. *See In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) ("[T]he element of conscious indifference can be overcome by a reasonable explanation."); *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (noting that "some excuse" will generally suffice to show the defendant's failure to answer was not conscious disregard).

As an alternative argument for affirmance, plaintiffs contend that Wade waived his right to notice by failing to move for a continuance. Although the constitutional right to due process is waivable, any such waiver must be voluntary, knowing, and intelligent. *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014). That standard is not satisfied here. When Wade broached the subject of inadequate notice, the trial court cut him off, saying: "You were responsible for keeping the Court notified of your change of address," and "I'm not sure what else to tell you." Wade's

6

failure to move for a continuance at that moment or elsewise during the exceedingly brief trial cannot fairly be characterized as a voluntary, knowing, and intelligent waiver. *See id.* at 120 (holding that a pro se father did not waive his right to notice of the trial setting in a parental termination suit "by sitting, under subpoena, through trial without any help from counsel and failing to formally move for continuance").

Consistent with our strong and consistently articulated preference for adjudicating cases on the merits, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment. *See* TEX. R. APP. P. 59.1. The case is remanded to the trial court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** August 30, 2024